# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>    Petitioner,<br><br>    v.<br><br>V. ZUMPANO,<br><br>    Respondent. | Case No. 1:15-cv-01038-BAM HC<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

Petitioner proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner complains that, following an appliance inspection, a correctional officer improperly confiscated his television and radio, claiming that they had been altered.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Cir. 1971).  In this case, because Petitioner does not challenge that legality of his confinement or seek release from that confinement, the Court lacks jurisdiction, and dismissal is warranted.

"[A] district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This "custody requirement" is the first consideration in determining whether a federal district court has jurisdiction to consider a § 2254 habeas petition.  *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).  Analyzing the custody requirement occurs in two steps.  *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).  The first inquiry is whether the petitioner is "a person in custody," that is, a person under sufficient liberty restraint.  *Id.* at 979.  Because he is presently confined in state prison, Petitioner satisfies the first step of the analysis.

The second statutory inquiry asks whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.*  Satisfying this step of the analysis "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *Id.* at 980.  Petitioner does not contend that his imprisonment violates federal law; rather, he contends that certain personal property was illegally confiscated by a correctional officer.  When the requisite nexus between a petitioner's claim and his custody does not exist, the Court lacks jurisdiction to address the claim in a § 2254 habeas proceeding.  In *Bailey*, for example, the petitioner could not seek to eliminate or alter a restitution order that was imposed following his conviction since the requested remedy "d[id] not directly impact--and [was] not directed at--the source of the restraint on his liberty."  599 F.3d at 981.  So too, Petitioner's request for return of his confiscated personal appliances (or other, alternative resolution of his property dispute with prison management) neither impacts nor is directed at the source of his incarceration.

Because Petitioner's claim fails to satisfy the custody requirement of 28 U.S.C. § 2254, the Court lacks habeas jurisdiction over it.  As a result, the Court must dismiss the habeas petition.

**Conclusion and Order**

The Court hereby DISMISSES Petitioner's petition for writ of habeas corpus with prejudice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **August 6, 2015**         /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE